# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Plaintiff <br><br> v. <br><br> MIRAGE PROPERTY, LLC and GREEN VALLEY SOUTH OWNERS ASSOCIATION NO. 1, <br><br> Defendants | Case No.: 2:17-cv-01786-APG-GWF <br><br> **Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment** <br><br> [ECF Nos. 29, 30] |

This is a dispute over whether a deed of trust still encumbers property located at 2807 Mirage Road in Henderson, Nevada. Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") seeks a judicial determination that its deed of trust still encumbers the property following a non-judicial foreclosure sale conducted by defendant Green Valley South Owners Association No. 1 after the prior owners failed to pay homeowners association (HOA) assessments. Defendant Mirage Property, LLC is the current owner of the property. In its complaint, Freddie Mac asserts claims to determine adverse interests in property under Nevada Revised Statutes § 40.010 based on the contentions that (1) the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) precludes the HOA sale from extinguishing the deed of trust and (2) the HOA sale violated Freddie Mac's due process rights.

Freddie Mac moves for summary judgment based on the federal foreclosure bar. Mirage opposes the motion, arguing that Freddie Mac failed to record its interest until after the foreclosure sale, so the federal foreclosure bar does not apply. Mirage also contends that the HOA foreclosure sale was properly conducted so the deed of trust was extinguished; Chapter 116

does not violate Freddie Mac's due process rights; there was no fraud, oppression, or unfairness to support setting aside the HOA sale; and Mirage was a bona fide purchaser without notice of Freddie Mac's alleged interest in the property.  Mirage moves for summary judgment on these same grounds.

The parties are familiar with the facts so I will not repeat them here except where necessary to resolve the motions.  I grant Freddie Mac's motion and deny Mirage's motion because the federal foreclosure bar applies to preserve Freddie Mac's deed of trust.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[ ] or sale without the consent of [FHFA]."  Freddie

Mac argues that under the federal foreclosure bar, the HOA sale could not extinguish its interest in the property because at the time of the sale, FHFA was acting as Freddie Mac's conservator, Freddie Mac owned an interest in the property, and FHFA did not consent to that interest being extinguished through the HOA foreclosure sale.

The resolution of these motions is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Freddie Mac's interest in property without FHFA's affirmative consent. *Id.* at 927-31. Additionally, that court accepted as proof of ownership the same type of evidence offered in this case. *Id.* at 932-33.

FHFA was acting as Freddie Mac's conservator, Freddie Mac owned the loan at the time of the HOA foreclosure sale, and FHFA did not affirmatively consent to Freddie Mac's interest being extinguished. Mirage offers no evidence raising a genuine dispute as to any of these issues and it does not request relief under Federal Rule of Civil Procedure 56(d).

Mirage contends that Freddie Mac's property interest is not enforceable against Mirage because Freddie Mac did not record its ownership interest prior to the HOA foreclosure sale. This argument has been rejected by the Supreme Court of Nevada and the Ninth Circuit because although "Nevada law requires recording of a lien for it to be enforceable," it "does not mandate that the recorded instrument identify the note owner by name." *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1149 (9th Cir. 2018) (quotation omitted). "Nevada law thus recognizes that, in an agency relationship, a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent." *Berezovsky*, 869 F.3d at 932; *see also In re Montierth*, 354 P.3d 648, 650-51 (Nev. 2015) (en banc) (holding that a note remains fully secured by a deed of trust when the

record deed of trust beneficiary is in an agency relationship with the note holder); *CitiMortgage, Inc. v. TRP Fund VI, LLC*, No. 71318, 435 P.3d 1226, 2019 WL 1245886, at *1 (Nev. Mar. 14, 2019).

Freddie Mac has presented evidence that Nationstar was both the beneficiary of record and Freddie Mac's loan servicer at the time of the HOA sale. ECF Nos. 29-2 at 4; 29-3; 29-8 at 2. The defendants do not present any contrary evidence. Additionally, the recorded deed of trust in this case states it is a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT." ECF No. 29-1. Mirage thus had record notice that Freddie Mac might own the loan. *JPMorgan Chase Bank, N.A. v. GDS Fin. Servs.*, No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 & n.1 (D. Nev. May 1, 2018); *TRP Fund VI, LLC*, 2018 WL 1245886, at *1. Further, because the federal foreclosure bar (1) preserves Freddie Mac's interest by operation of law rather than through a written instrument and (2) "preserves a pre-existing interest" rather than creating or transferring an interest, it "does not require recording." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 119-20 (Nev. 2018) (en banc) (concluding that valid tender of the superpriority amount did not need to be recorded for these reasons).

Finally, Mirage's status as a bona fide purchaser is irrelevant because "Nevada's law on bona fide purchasers is preempted by the federal foreclosure bar." *GDS Fin. Servs.*, 2018 WL 2023123, at *3. I therefore grant Freddie Mac's motion and deny Mirage's motion. Defendant Green Valley South Owners Association did not participate in the briefing on this matter, but it is no longer a necessary party to the pending claims because the HOA sale will not be unwound. I therefore dismiss it.

IT IS THEREFORE ORDERED that plaintiff Federal Home Loan Mortgage Corporation's motion for summary judgment **(ECF No. 29) is GRANTED**. The clerk of court is

instructed to enter judgment in favor of plaintiff Federal Home Loan Mortgage Corporation and against defendant Mirage Property, LLC as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on February 7, 2014 did not extinguish Federal Home Loan Mortgage Corporation's interest in the property located at 2807 Mirage Road, Henderson, Nevada 89074, and thus the property is subject to the deed of trust.

IT IS FURTHER ORDERED that defendant Mirage Property, LLC's motion for summary judgment **(ECF No. 30) is DENIED**.

IT IS FURTHER ORDERED that defendant Green Valley South Owners Association No. 1 is DISMISSED from this action and the clerk of court is instructed to close this case.

DATED this 10th day of May, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE